BRIDGES *v.* AGEE.

(*Nashville.* December Term, 1933.)

Opinion filed March 31, 1934.

H. B. McGINNESS and E. C. SMITH, both of Carthage, for plaintiff in error.

ROBERTS & ROBERTS, of Nashville, and SOLON FITZ-
PATRICK, of Carthage, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the
Court.

This is a petition by J. G. Bridges, as executor to
probate a certain paper writing as the last will and tes-
tament of Mrs. Lula G. Agee. The petition also seeks
to obtain the revocation of the appointment of an ad-
ministrator of said estate. The county judge sustained
the petition but, upon appeal, it was dismissed by the
circuit court, and the petitioner has appealed to this
court. The case was tried below on a stipulation of facts.

Mrs. Agee died in September, 1931. Later in the same
month Bridges offered for probate a will purporting
to have been executed by Mrs. Agee on August 17, 1931,
in which will he was named as executor. A contest of this
will was instituted by heirs and distributees of Mrs.
Agee and the will was set aside in the circuit court. The
Court of Appeals affirmed the judgment of the circuit
court. 15 Tenn. App., 351. Thereupon Robert Agee, a
nephew of the deceased, qualified as administrator of
her estate.

The petition herein was filed in the County Court of
Smith County on February 18, 1933, shortly after the
judgment setting aside the will was affirmed by the Court
of Appeals. Along with this petition, there was offered
for probate an earlier will of Mrs. Agee dated January
13, 1931.

J. G. Bridges was named as executor in both wills
and was the chief beneficiary under both wills. Under
the August will that was set aside, $25 was bequeathed

to Mrs. Lillie Winfrey and one-half of the household goods of the testatrix was bequeathed to Mrs. Eva Agee. Under the January will, all the household goods were bequeathed to Mrs. Lillie Winfrey, but no money was given to her, and nothing was given to Mrs. Eva Agee. Under both wills the residue was given to Bridges.

The circuit judge sustained a plea of the defendant, administrator, which plea set out in more detail the facts just outlined with reference to the contest of the August will. The plea also set out that Bridges was in possession of the January will during all the contest of the August will, but did not present the January will during that hearing, and that he now offers no excuse for not sooner producing the January will. It further appears from the plea and stipulation that the estate involved is of a value between $3,000 and $8,000, and that the costs to the estate of the contest of the August will amounted to about $600.

The proposition embodied in the plea and argument to sustain it seems to be that Bridges was under a duty to produce and have examined all testamentary papers available to him in the earlier litigation. That in the former case, Bridges having both papers in his possession, was put to an election as to which of these he would propound or rely upon as the true and valid will of Mrs. Agee. That having undertaken to propound the August will, he is now estopped from this effort to propound the January will.

We are not able to follow this argument. There was no inconsistency between the two paper writings, unless the document of later date was a revocation of the document of earlier date. The attempt of Bridges to set up the paper writing bearing the August date was no denial

of the original validity of the paper writing bearing the January date. So far as the facts now appear, the August will having been set aside, it is the duty of Bridges to offer the January will for probate.

In *Lillard* v. *Tolliver,* 154 Tenn., 304, 285 S. W., 576, it was held that on an issue of *devisavit vel non* it was proper to permit the propounding of wills other than the first offered for probate, and against which a contest was instituted, so that the jury, under proper instructions, might determine which of the wills was the true will of the decedent. The court approved this as good and proper practice tending to save expense and to conserve the estate. The ruling went no further than this, however. It was not adjudged in that case to be necessary that all testamentary papers, earlier and later, be set up in the same proceedings.

Under authority of *Lillard* v. *Tolliver, supra,* we think it would have been entirely proper for Bridges to have submitted the January will. But such course, however, was not required of him under penalty of abandoning the January will. The court was only dealing with a question of proper practice in *Lillard* v. *Tolliver,* and nothing therein said was intended to cut off substantive rights of claimants under a will of earlier date than the one in contest.

We accordingly conclude that the court below was in error in dismissing this petition of Bridges. Nevertheless, since he was in possession of the January will all the while and the estate is small and the costs of the trial of an issue of *devisavit vel non* are heavy, we believe that, in the interests of the estate he represented, Bridges should have brought out the January will during the contest of the other will. Indeed, if he had offered the

January will at the institution of the contest, and shown the January will to be valid, the contestants would have been deprived of standing to attack the August will. Being cut out under the January will, they could take nothing, even if the August will was bad. *Cowan* v. *Walker,* 117 Tenn., 135, 96 S. W., 967.

For the reasons just indicated, we suggest that it may be a proper exercise of the discretion of the court below to tax all costs of any contest of the January will, if a contest should arise, to Bridges individually. Code, section 9091, chapter 107, Pub. Acts of 1917; *State ex rel.* v. *Bush,* 141 Tenn., 229, 208 S. W., 607. The costs of this appeal to this court will be taxed to the defendant Agee.

Reversed and remanded for further proceedings.