DURELL *et al. v.* MARTIN *et al.*

*(Knoxville,* September Term, 1937.)

Opinion filed Nov. 27, 1937.

HORACE M. CARR and M. L. GUTHRIE, both of Harriman, for Mrs. Margaret Durell *et al.*

R. H. WARD, of Kingston, for C. N. Martin.

D. O. HARRIS, of Harriman, and STEINMETZ & JOHNSTON, of Knoxville, for Salvation Army and Evangeline Booth.

MR. JUSTICE MCKINNEY, delivered the opinion of the Court.

By the bill the heirs at law of Mrs. Julia R. Watkins ask that the following provision in her will be declared void, to wit:

"All the rest of my property including Bonds and real estate I bequeath to Evangeline Booth or the Head of the Salvation Army in the United States at the time

of my death. And it is my will that this person shall use the balance of my estate—for such charitable or religious work being done by the Salvation Army as he or she thinks best."

It is insisted that this item of the will should be declared void for indefiniteness and uncertainty, and the chancellor and the Court of Appeals have so decreed. Upon the authority of *Davis* v. *Bullington,* 164 Tenn., 272, 47 S. W., (2d), 555; *Ewell* v. *Sneed,* 136 Tenn., 602, 191 S. W., 131, 5 A. L. R., 303; *Johnson* v. *Johnson,* 92 Tenn., 559, 23 S. W., 114, 22 L. R. A. 179, 36 Am. St. Rep., 104; *Green* v. *Allen,* 24 Tenn. (5 Humph.), 170, and like cases, we think this contention is correct, unless it was the intention of testatrix to make the Salvation Army the beneficiary of her bounty.

The Salvation Army is a New York corporation. A copy of its charter is filed in the record, from which it appears that it is authorized to engage in many kinds of charitable and religious work, the general purpose of the organization being too well known by the public to be enumerated herein. It also appears from the charter that the head or highest officer in the corporation is entitled "Commander." Evangeline Booth was the commander at the time the will was written.

Analyzing the above provision of the will, it is patent to us that the gift was to the head officer of the corporation in her official rather than her individual capacity; and that the bequest and devise was to such official as trustee, since such official was to receive no personal benefit therefrom, but was to administer it for the charitable or religious work of the Salvation Army. The language of the will may be transposed for clarity, and

100

without giving it a meaning different from that intended by the testatrix, so as to read as follows:

"All the rest of my property I bequeath to the Commander of the Salvation Army in the United States, in trust, for such charitable or religious work being done by the Salvation Army as said trustee thinks best."

Was it the intention of the testatrix by this provision to contribute to the work of the Salvation Army, or did she purpose to have her bounty expended in similar work but by an independent agency? We think it clear that she intended her contribution to go to the Salvation Army. She could have made it direct to the corporation, but evidently entertained the idea that it had to be accomplished through the interposition of a trustee.

A case upon principle, very much in point, is that of *Carson* v. *Carson,* 115 Tenn., 37, 88 S. W., 175, a decision not referred to by the Court of Appeals. In that case testatrix, after devising a 165-acre tract of land to her husband for life, provided: "the remainder of said tract to go to J. M. Gill [and eleven other named persons], constituting the Board of Trustees of the Cumberland Presbyterian Church in the United States of America, and their successors in office, to be held and used by them as trustees only in such manner as to best promote the interest of Christianity in the fields occupied by the said Cumberland Presbyterian Church." In holding that this was intended as a gift to the Cumberland Presbyterian Church, the court said:

"It is evident that the testatrix intended the remainder in the land under the second item of the will and in the proceeds of land in the third item to vest beneficially in the Cumberland Presbyterian Church, as a chari-

table organization of a religious character. The corporate name of the church is not correctly set forth in the devise and bequest, but the intent is plain, and the party beneficiary cannot be mistaken.

"The mere misnomer of the corporation will not invalidate the devise or bequest, if it clearly appears who was intended thereby. *State* v. *Smith*, 84 Tenn. (16 Lea), [662] 666; *Bank of Tennessee* v. *Burke*, 41 Tenn. (1 Cold.), 623; *Trustees of McMinn Academy* v. *Réneau*, 32 Tenn. (2 Swan), 94; Morawetz on Corporations, 181, 182.

"We think it clearly appears that the devise and bequest was made to the trustees of the corporation, as representing it, and not to them as individuals; and the provisions of the will are therefore virtually to vest the property in the corporation of the General Assembly of the Cumberland Presbyterian Church, for the use and benefit of that church or denomination.

"The devise and bequest being made direct to a corporation which is charitable, the trusts need not be set out so specifically and definitely as if made to individuals, in order to make them valid.

"The reason is that a corporation organized for charitable purposes has these purposes and trusts set out in its charter and articles of foundation, so that the trusts are thus made certain and will control; due deference being paid to the directions of the testator, if any are given. But no trusts in such case need be declared, as they are set out in the charter and articles of foundation.

"To illustrate: If a bequest be made to the Vanderbilt University or Cumberland University by name, the trusts to which the fund is to be applied need not be further specified by the grantee, since these are well-

known charitable corporations, whose objects, purposes, and trusts are fully set forth in their charters and other instruments of foundation.

"But if a devise or bequest is made to individuals, as trustees, then the trusts must be declared in the instrument giving the property.

"We are of opinion that the devise and bequest in this case being made, as we have before held, to the corporation of the General Assembly of the Cumberland Presbyterian Church, that corporation will hold it under its charter and articles of foundation—due regard being paid to the direction of the testatrix, as far as given—and beyond that under the general trusts under which that corporation holds all its property."

█ The cardinal rule in the construction of wills is to give effect to the intention of the testator. Applying this rule to the will here involved, we are fully convinced that testatrix purposed that the Salvation Army should use her property in furtherance of its charitable or religious work.

██ Petitioners make the further contention that the Salvation Army is judicially estopped from taking the personal property under said will for the reason that in a former proceeding it asserted that by a subsequent will testatrix had disposed of her personal property to another. This question was not considered by the chancellor or the Court of Appeals, but is raised in this court by a petition for *certiorari* filed by one of the heirs and next of kin of testatrix.

The will in this proceeding was executed on August 10, 1929, by testatrix and her signature attested by two witnesses. On November 8, 1930, testatrix executed another will which she did not sign but which was attested

by two witnesses. Under the terms of this will testatrix bequeathed her personal property to Mrs. Reece Gallaher. On February 2, 1933, Mrs. Gallaher and the Salvation Army filed a joint petition in the county court of Roane county asking that both wills be probated, and alleging as follows:

"Petitioners further show to the Court that they believe and allege that the testamentary writing made a part of this petition and marked exhibit B, hereto, is entitled to probate as the last Will and Testament of said Julia R. Watkins, deceased, in so far as the personal property of said estate is concerned, and that the instrument made a part of this petition and marked exhibit A, hereto, is entitled to probate as the last Will and Testament of said Julia R. Watkins, deceased, relative to the disposition of her real estate," etc.

Both the circuit court and the Court of Appeals held that the will of November 8, 1930, was valid as to the personal estate. This court, however, held that, as a matter of law, said will was ineffective as a will. That case is styled *Dietz* v. *Gallaher* and is reported in 169 Tenn., 435, 88 S. W. (2d), 993.

It was the duty of the petitioners to present both wills, and it is for the court to say whether either or both wills had been duly executed. *Lillard* v. *Tolliver,* 154 Tenn., 304, 315, 285 S. W., 576.

Statements in pleadings in a former suit which are merely an assertion of a conclusion of law upon undisputed facts do not constitute an estoppel. 21 C. J., 1934; *Verhine* v. *Ragsdale,* 96 Tenn., 532, 35 S. W., 556; *McLemore* v. *Railroad Co.,* 111 Tenn., 639, 69 S. W., 338; *Tate* v. *Tate,* 126 Tenn., 169, 212, 148 S. W., 1042. This last-named case is very much in point.

Furthermore, in *Winters* v. *American Trust Co.*, 158 Tenn., 479, 480, 488, 14 S. W. (2d), 740, 742, it was held that "The proceeding for probate in the circuit court is not an action between parties. It is a proceeding *in rem*, 'involving the distribution of the *res*, the estate.'"

Petition for writ of *certiorari* has heretofore been granted and argument heard.

For the reasons stated, the decrees of the Court of Appeals and the chancery court will be reversed, and the item of the will in question sustained as a valid gift to the Salvation Army.

The petitioners will be taxed with all costs.