JONES *v.* WITHERSPOON.

(*Jackson*, April Term, 1945.)

Petition filed May 5, 1945.

Rehearing denied June 9, 1945.

WALDROP & HALL, of Jackson, for plaintiff in error.

DAVID P. MURRAY and CARMACK MURCHISON, both of Jackson, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal derives from a will contest tried in the Circuit Court of Madison County. In the county court of that county, Oscar Addison Jones, the husband of a deceased daughter of Mrs. Mary Witherspoon Cole, filed a paper alleging it to be the holographic will of his mother-in-law. Ross Witherspoon, the brother of the alleged testatrix, thereupon filed notice of contest and the cause was then certified to the circuit court for trial of the issue *devisavit vel non.*

The holograph offered for probate appears as a paragraph of script at the bottom of a sheet of paper on which a will and codicil of 1917 had been written, signed and witnessed, so that on this single sheet appear:

1. The typewritten will of August 1917 executed by "Mrs. Mary Witherspoon Cole," and witnessed by W. H. Biggs, deceased, a lawyer of the Madison County Bar, and Miss Sarah Woodall.

2. A codicil to the foregoing which was identified as being in the handwriting of Mr. Biggs, but was signed by "Mrs. Mary Witherspoon Cole."

3. And at the bottom of the page the holograph here in question, which bears date January 14, 1937, and is signed by Mrs. Mary *W.* Cole."

Mrs. Mary Witherspoon Cole died in Madison County on September 29, 1937. She left one child, Gertrude Cole, who was about 40 years of age and unmarried at the time of the mother's death. She also left two brothers, Ross Witherspoon and Calvin (Bud) Witherspoon. After the death of her mother, Gertrude Cole married the proponent in this cause, Oscar Addison Jones, and lived with him until the time of her own death in February, 1941. Gertrude never probated her mother's will, but without question by other members of the family took the entire estate as if she had inherited it absolutely and exclusively on her mother's intestacy. It was only after the repeated insistencies of the contestants that the proponent Jones finally offered the will of Mary Witherspoon Cole and the will of his wife, Gertrude, for probate six months after his wife's death.

By the will of 1917, Mrs. Mary Witherspoon Cole left her estate for life to her daughter, Gertrude, with remainder over to her two brothers, Ross and Calvin Witherspoon. By the alleged holographic will of 1937, on the other hand, the entire estate was left absolutely to the daughter, Gertrude Cole, by whose will, probated simultaneously with that of the mother, the entire property passed to the proponent in this cause.

The basis of the petition for contest is that the alleged holograph was a forgery made after the death of Mrs. Mary W. Cole; that it was not deposited for safe keeping as her last will, nor found among her valuable papers, and that the true and valid will of Mrs. Mary Witherspoon Cole was the document of 1917, which was signed and formally executed and witnessed in August of that year. A copy of this document is made an exhibit to the petition for contest.

On the trial in the circuit court the judge permitted the jury to consider both the will of 1917 and the alleged holographic will of 1937, and by their verdict the jury repudiated and refused to validate the will of 1937, and declared that the will of 1917 with its codicil was the true and valid will of the testatrix. The trial judge, after approving the jury's verdict, overruled motion for new trial by the proponent Jones, who then appealed to the Court of Appeals, and that court reversed and remanded the cause for a new trial. Contestant Witherspoon then filed a petition to rehear in the Court of Appeals, which being overruled, he has filed petition for *certiorari* in this Court. We have granted the petition, heard argument, and the cause is now before us for disposition.

Although several other assignments of error were considered by it, the Court of Appeals summarized the reason for its reversal as follows:

"It was therefore error for the trial judge to permit the contestant to offer the 1917 will for probate in the circuit court and to instruct the jury to return a verdict that it was the last will of the testatrix if they found that the alleged holographic will, which was the subject of the contest, was not the valid will of the testatrix. The circuit court was without original jurisdiction to admit it to probate."

However, the Court of Appeals said elsewhere in its opinion:

"*The 1917 will is not the subject of contest in this proceeding and was not offered* for probate in the county court. . . . *It could not be admitted to probate* in the county court until after this later will was set aside." (Italics ours.)

■ It is not to be doubted that prior to a contest, the jurisdiction for the probate of wills is exclusively in the county court, Code, sec. 10225, but here in his petition for contest, contestant stated solemnly under oath that the holograph was not the true will, and that the "paper writing" of 1917 with the 1918 codicil was "the true Last Will and Testament" and petitioner accordingly annexed a copy to his petition and marked it Exhibit "A." He prayed in his petition that the original document of 1917 (which was not in petitioner's possession) be certified to the circuit court *"in order that an issue may there be made as to whether it is the Last Will and Testament of Mary W. Cole, deceased."* We think in view of this prayer of contestant's petition that the Court of Appeals erred in holding that the 1917 will was not before the circuit court to be set up as the true will.

Now since the county court having already admitted the holograph to probate as the true will, could not thereafter admit the 1917 will to probate as such (as the Court of Appeals recognized), it followed the prayer of the petition and certified both documents to the circuit court for the determination of the true will on the trial of the issue *"devisavit vel non."* It does not appear from the opinion of the Court of Appeals that that court considered the case of *Lillard* v. *Tolliver,* 154 Tenn. 304, 285 S. W. 576, or the subsequent decisions of this Court approving that opinion; *Bridges* v. *Agee,* 167 Tenn. 324, 69 S. W. (2d) 891; *Durell* v. *Martin,* 172 Tenn. 97, 110 S. W. (2d) 316.

■ From the opinion in *Lillard* v. *Tolliver, supra,* which has become a fundamental part of our law of probate, it is clear that upon the filing of a will contest, the form of action is *sui generis.* It is no longer a common-law action, nor an action according to the forms of

equity. It is a real action derived from the forms of the ecclesiastical courts of England, because the disposition of the *res* of the estate according to the will or wish of the deceased testator, not according to the suit or plea of plaintiff or defendant, becomes the fundamental and primary question and issue. The parties present, not their own rights, but their interpretation of the rights of the testator as evidenced by the will or *wills*. The paramount question that so embraces all others, is the proper distribution of the estate to carry out the will of the deceased testator. The proceedings in the circuit court on a will contest are not appellate from the county court but original. *Murrell* v. *Rich,* 131 Tenn. 378, 175 S. W. 420.

■ So it is proper that all who have an interest, remote or immediate, in the distribution of the estate should be made parties, and all documents of testamentary character or significance, may, under proper instruction and limitation by the trial judge, be introduced in the will contest and submitted to the jury for their consideration.

"Will. Contest. More than one will offered for probate. On an issue of *devisavit vel non,* it is proper to permit the propounding of other wills than the will first offered for probate, and against which a contest was instituted, that the jury under proper instructions may determine which of the wills is the will of the decedent." (Citing authorities.) *Lillard* v. *Tolliver,* 154 Tenn. 304 (head-note 2), 285 S. W. 576.

"Probate proceedings are not strictly suits with parties plaintiff and parties defendant, where the plaintiffs demand judgment against the defendants. They have, from time immemorial, been declared to be proceedings

*in rem.''* (Id., at page 312 of 154 Tenn., at page 578 of 285 S. W.)

"In the case of *Patton* v. *Allison,* 7 Humph. 320, Green, Judge, says: 'All persons interested either for or against the will have a right to be made parties. It is a proceeding *in rem,* and the judgment binds all persons whether parties on the record or not. . . . It must follow, that the court in which the issue is formed and tried, must have all necessary power to effectuate justice in the case, and to this end may permit parties on the record to withdraw, and new parties to intervene as in its discretion it may see the ends of justice require; and this whether they appear in the attitude of plaintiffs or defendants; for, being a proceeding *in rem,* both parties are actors, and, in the strict sense, none are defendants, sued and made parties against their will.' '' (Id., at page 313 of 154 Tenn., at page 579 of 285 S. W.)

"*The principle underlying these cases is to determine in one proceeding, not only who is entitled to inherit the property from the deceased,* but also to hasten the administration of his estate and the payment of debts. . . .

"Public policy demands that the court should shorten, as far as possible, litigations, lest the estate should be more or less absorbed as a result of expensive court costs and other expenses of litigation.'' (Id., at page 315 of 154 Tenn., at page 579 of 285 S. W.)

"We are of opinion that both by reason and authority, when there is a contest of a will offered for probate, and *the circuit court takes jurisdiction, it takes jurisdiction for the purpose of once for all determining as to whom the testator's estate shall go.* The proceeding is a proceeding *in rem,* involving the distribution of the *res,* the estate. All persons who have any claim of interest. a=

heirs or next of kin, or the beneficiaries of other wills may lawfully intervene. *In such a proceeding, it is certainly the proper practice to permit the propounding of other wills than the will first offered for probate, and against which a contest was instituted, and to permit the jury, under proper instruction, to determine which of the wills is the will of the decedent.*" (Id., at page 323 of 154 Tenn., at page 581 of 285 S. W. (Italics ours.)

In *Bridges* v. *Agee*, 167 Tenn. 324, 327, 69 S. W. (2d) 891, 892, Mr. Chief Justice Green for the Court, approved the rule of *Lillard* v. *Tolliver, supra,* as follows:

"In *Lillard* v. *Tolliver*, 164 Tenn. 304, 285 S. W. 576, it was held that on an issue of *devisavit vel non* it was proper to permit the propounding of wills other than the first offered for probate, and against which a contest was instituted, so that the jury, under proper instructions, might determine which of the wills was the true will of the decedent. The court approved this as a good and proper practice tending to save expense and to conserve the estate. . . .

"Under authority of *Lillard* v. *Tolliver, supra,* we think it would have been entirely proper for Bridges to have submitted the January will."

"*It was the duty of the petitioners to present both wills,* and it is for the court to say whether either or both wills had been duly executed." *Durrell et al.* v. *Martin et al.,* 172 Tenn. 97, 103, 110 S. W. (2d) 316, 318. (Italics ours.)

In the present case we think it clear that the contestant in his sworn petition, did all that was practically required of him to offer the 1917 will with the 1918 codicil, for probate as the true will and that when the issue of the proper distribution of the *res* of Mrs. Cole's estate was presented to the circuit court that tribunal "[took] jur-

isdiction for the purpose of once for all determining as to whom the testator's estate shall go." *Lillard* v. *Tolliver, supra.*

The jury by its verdict decided that the estate should be distributed under the terms of the 1917 will and its codicil and the circuit judge, by his order, correctly certified that fact to the county court for further steps in administration, according to the jury's determination of the issue *devisavit vel non.*

It results that the judgment of the Court of Appeals is reversed, that of the circuit court affirmed, and the respondent will pay the costs.

## On Petition to Rehear.

Petition to rehear has been filed to re-argue the proposition that the circuit court was without jurisdiction to enter the judgment which it did enter in the instant case. No new authorities are cited on the proposition and the argument is merely that our former judgment was erroneous. The petition is clearly insufficient under Rule 32, 173 Tenn. 886, 887. We find nothing in the petition to rehear which was not before us in the record, and fully considered by us in rendering our former opinion.

The pertinent part of the judgment of which complaint is made, and which we have affirmed, is as follows:

"It is therefore, considered and adjudged by the Court that the paper writing aforesaid, bearing date 'January 14, 1937' and identified in the record as Exhibit 'X' and heretofore admitted to probate in the County Court of Madison County at the August Term, 1942, is not the last will and testament of the said Mrs. Mary Witherspoon Cole, deceased, and that the probate there-

of in common form in the county court as aforesaid be, and the same is here vacated, annulled and set aside.

"It is further adjudged and considered by the Court that the paper writing aforesaid, bearing date of 'August 22, 1917,' together with the purported codicil of May 13, 1918, signed 'Mrs. Mary Witherspoon Cole' and identified as Exhibit 'Y' are the true and whole and last will and testament of the said Mrs. Mary Witherspoon Cole, deceased. It is further ordered by the Court that the Clerk make out and certify a copy of this entry and transmit the same with the original will identified as 'Exhibit Y' to the County Court of Madison County, to be there recorded as required by law."

The jurisdiction of the county court with regard to the probate of wills is not exclusive as, or in the sense, contended by petitioner. The legislature clearly recognized an exception to the jurisdiction of the county court in that regard by providing that the exclusive jurisdiction of will contests should be in the circuit court. The real question here is, therefore, whether the order entered in the circuit court was within the scope of a will contest. Clearly it was. And when such an issue was being tried, it was within the jurisdiction of the circuit court at such trial to settle once and for all, the disposition of the "*res*" of the estate under consideration. *Lillard* v. *Tolliver*, 154 Tenn. 304, 285 S. W. 576, and other cases cited in our former opinion.

Clearly, from the judgment quoted above, the circuit court recognized those functions of the county court which are exclusive—the recording and custody of the documents which are found to be the last wills of decedents. We think the steps taken in the present litigation have properly and regularly followed the legislative intent as expressed in the statutes, and in former opinions

of this Court construing those statutes. Upon notice of contest, the county court certified the record to the circuit court for trial of the issue *devisavit vel non.* On the trial of that issue, evidence was heard and it was determined that the proposed holograph was not the valid and true last will and testament of the deceased, but that a prior will of 1917 was the true will. When that issue was determined by the verdict of the jury, the circuit judge, by his judgment as above quoted, directed the clerk of the circuit court to certify back to the county court the document found to be the true last will and testament to be recorded and kept in the county court as such, and so that other necessary steps for the administration and disposition of the estate may be taken in the County Court.

Petition to rehear is denied.