Mrs. E. E. Warmath *et al.*, Executors, *v.* Farmer Smith.

(*Jackson,* April Term, 1955.)

Opinion filed May 6, 1955.

James T. Haynes, of Memphis, for plaintiff in error.

John E. Proctor, and Tipton & Tipton, all of Covington, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a will contest which the Circuit Judge dismissed. This case presents a question as to whether or not a person, who would take no part of the estate of a decedent in case of intestacy, is entitled to contest the will of such decedent upon the allegation in the petition to contest that he was a beneficiary under a prior will of the decedent which has been lost or destroyed and is not in existence.

The plaintiff instituted this contest charging that his deceased wife lacked mental capacity to make a will. The only property involved is a 15-acre tract of land owned by

deceased. The plaintiff is the surviving husband of the testatrix and they had no children. Under her will she devised her estate to Mrs. E. E. Warmath and Mrs. B. F. Morgan. Later on in the proceedings, the plaintiff offered to amend his declaration so as to allege that, prior to the execution of the will in question, the testatrix had executed another will in which the plaintiff was the sole beneficiary; that he did not know whether said former will is in existence but, if it had been destroyed, that such destruction was done without the knowledge or consent of the testatrix. Upon objection, this amendment was disallowed by the Court.

It seems there has been no proceedings in the Chancery Court to set up any alleged former will.

In this State, the surviving husband, where no children were born, is entitled in case of his wife's intestacy, only to the personalty remaining after the payment of debts against the estate, and he takes no interest in real estate. Code Sections 8380, 8389.

Only such persons as would be entitled to share in the real and personal estate of decedent, if there were no will, or if the will was set aside, are entitled to impeach its validity. Pritchard on Wills, Sec. 339; *Wynne* v. *Spiers,* 26 Tenn. 394.

A person claiming as a legatee under an alleged will of prior date, which has been lost or destroyed, may be admitted to contest the paper propounded, only after he has commenced an action in the proper court to establish the spoliated will. *Wynne* v. *Spiers,* supra.

The exclusive jurisdiction to set up a will which has been lost, destroyed or suppressed, lies in the Chancery Court. *Buchanan* v. *Matlock,* 27 Tenn. 390.

In our opinion, a person who would not take any

part of the estate of a decedent in case of intestacy, will not be permitted to contest a will upon the allegation that he was a beneficiary in a prior will which has been lost or destroyed, without at least commencing a suit in the Chancery Court to set up such lost or destroyed instrument.

A stranger to an estate, one who would take nothing if the will was set aside, will not be heard to question the validity of a will for, as stated in *Wynne v. Spiers,* supra:

"It is well settled that it is not a matter of course to set aside the probate and to re-probate the will; it would be of most mischievous consequences if it were so; a stranger will not be permitted to disturb the existing probate; a kinsman, who is not the closest kin, and who could take nothing under the statute of distributions if there were no will, shall not disturb it."

In Pritchard on Wills, Sec. 339, the rule is laid down that a beneficiary under an alleged will of prior date which has been lost or destroyed, may be admitted to contest the paper propounded only after he has commenced a suit in the proper court to establish the spoliated will. See 68 Corpus Juris, p. 929.

The plaintiff relies on the case of *Jones v. Witherspoon,* 182 Tenn. 498, 187 S. W. (2d) 788, but this case is not in point, as it deals neither with a lost or destroyed will, nor with the right to institute a contest. In the case relied upon, a holographic will had been probated in common form and the plaintiff instituted a contest, averring that the holograph was a forgery, and that a will of 1917 and a codicil of 1918, a copy of which was exhibited with the petition, was the last will of testatrix, and there the Court held that the trial judge properly permitted the jury to

consider both wills in order that they might determine which was the true will of the testatrix. *Lillard* v. *Tolliver*, 154 Tenn. 304, 285 S. W. 576; *Bridges* v. *Agee*, 167 Tenn. 324, 69 S. W. (2d) 891; *Durell* v. *Martin*, 172 Tenn. 97, 110 S. W. (2d) 316.

We are of the opinion, if the above amendment had been allowed, that it would avail the plaintiff nothing since it tendered no issue. It results that the assignments of error will be overruled, and the judgment of the trial court affirmed.