RENNIE RAY WALL *v.* JOHN W. E. MILLSAPS.

(*Knoxville,* September Term, 1955.)

Opinion filed December 9, 1955.

Rehearing denied February 3, 1956.

MOON, ANDERSON, HARRIS & DINEEN, of Chattanooga, for plaintiff in error.

COFFEY, DURAND & COFFEY, and BRYAN & BRYAN, all of Chattanooga, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

John Millsaps, defendant-in-error here, was appointed administrator of the estate of his wife, Mrs. Helen Millsaps, on his representation that she died intestate. Thereafter, Mrs. Rennie Ray Wall, a sister of the deceased, did, in proceedings to set up an allegedly lost or suppressed will, procure a Chancery Court decree to that effect. Then this sister petitioned the County Court to probate the will so decreed.

After answer of the husband, administrator, the County Court dismissed the petition on the ground that "there is no proof before this Court that the will was not destroyed by the testator, or that it was not changed by the testator." Mrs. Wall's appeal to the Circuit Court was dismissed on the ground that the petition was in fact an attempt to set up a lost will, a matter as to which the Circuit Court did not have jurisdiction. It is from this judgment that Mrs. Wall appeals to this Court.

Since the County Court dismissed Mrs. Wall's petition on one ground, and the Circuit Court dismissed it on an entirely different ground, it is necessary at the outset to determine just what the petition filed by Mrs. Wall in the County Court did seek.

This petition first alleges that in the Chancery Court proceedings instituted by the sisters and brother of decedent a decree had been entered finding that Mrs. Millsaps died leaving a valid, unrevoked and particularly identified will which had been lost, destroyed or was being suppressed, and that an exact copy thereof was in the possession of decedent's husband or his attorney. A certified copy of that decree was filed with the petition which prayed that this husband (1) be ordered to produce the copy identified by that decree, and (2) "that said copy be probated as the last will" of Mrs. Millsaps, and her estate be administered accordingly.

■ The Circuit Court, therefore, erred in holding that the appeal was an attempt upon the part of the petitioners to set up in Circuit Court a lost will.

The record does not disclose that this copy of the will of Mrs. Millsaps was filed in the Chancery Court proceedings. The husband, administrator, in response to the demand of the County Court petition, did produce it in the County Court, but insisted that it should not be probated or filed. Whether the County Court erred in refusing to receive and probate that copy as the last will of Mrs. Millsaps is the question which the Circuit Court should have decided, and is the question which this Court must now decide.

■ The jurisdiction of Chancery Court to set up a will which has been lost or unlawfully destroyed or suppressed is "unquestionable." *Buchanan* v. *Matlock,* 27 Tenn. 390, 391; *Brown* v. *Brown,* 18 Tenn. 84, 93.

■ When the Chancery Court does set up a will which it finds has been lost or unlawfully destroyed or suppressed, it is the duty of the County Court to probate it, and as so probated it stands in effect until it "is set aside under a proper proceedings, in the proper tribunal." *Townsend* v. *Townsend, Ex'r,* 44 Tenn. 70, 83. The procedure is for the Chancellor to

"decree that the will as established be certified by the clerk and master to the clerk of the county court of the proper county, to be there recorded, and for the issuance of letters testamentary or of administration." Phillips' Pritchard on Wills, Section 50; *Buchanan* v. *Matlock,* supra; *Townsend* v. *Townsend, Ex'r,* supra.

■ There was no appeal by the husband, or any one else, from the decree of the Chancellor establishing the will of Mrs. Millsaps. A certified copy of that decree was

filed in the County Court along with the petition to probate the aforesaid copy of Mrs. Millsaps' will. It was, therefore, the duty of the County Court to probate whatever will that decree established and to proceed under it until, if ever, it might be "set aside under a proper proceedings, in the proper tribunal."

The Chancery Court decree, in so far as pertinent at this point, is as follows:

"The Court is of the opinion, and so finds, that Helen Strayhorn Millsaps, deceased, executed a valid will in January 1952, in the presence of two witnesses, viz.: Dr. E. T. Fields and Hulda Brown, who, at her request and in her presence, and in the sight and presence of each other, signed said will as witnesses; that at the time of the execution of the said will the said Helen Strayhorn Millsaps was of sound mind and disposing memory, and that after its execution it was delivered to the testatrix but that after the death of said testatrix a diligent search was made for said will in such places as it might have been expected to be found but that it could not be found, and the Court, therefore, finds that said will has either been lost, destroyed by someone other than testatrix, or is being suppressed and that said will of January 1952 was unrevoked at the time of the death of testatrix and was the last will and testament of said testatrix, and that an exact copy of said will as drawn is in the possession of defendant's solicitors and is therefore available to defendant; that by said will the testatrix devised to her sister Rennie Ray Wall the following described real estate:" (describing it):

It is the contention of Millsaps that the Court is not to give any effect to the above quoted recitations of the

decree other than that it found the will of Mrs. Millsaps to have devised certain real estate in Mississippi to her sister. Millsaps says that the only part of the decree which may be given effect is the immediately following part, reading as follows:

"It is therefore, ordered, adjudged and decreed that a copy of this Decree be certified by the Clerk of this Court to the County of Hamilton County, Tennessee, there to be recorded and proceeded on and under as the Last Will and Testament in part of the said Helen Strayhorn Millsaps, deceased, and that such person as may by law be allowed to administrator on said estate be qualified with this Decree as the Will annexed."

It is clear beyond any reasonable doubt that the decree in question finds that Mrs. Millsaps died leaving in force and effect the will of which there is an exact copy in the hands of Millsaps or his attorney, and that this is the will which the decree intended to set up. The Court ought not to allow that clearly reflected intention to be defeated by reason of the fact that different meanings may be given two expressions in the last paragraph of that decree. These two expressions are (1) "in part" and (2) "be qualified with this decree as the will annexed."

It is said by Millsaps, and with some degree of plausibility, that the expression "in part" means that the only portion of the will which the decree sets up that is to be enforced is that part which devises real estate in Mississippi to testatrix' sister. On the other hand, it is utterly inconsistent with any logical course of reasoning to say that the decree intended to have probated and enforced only a part of the will which that decree clearly intended to set up.

■ Considering the entire will, the only reasonable meaning to be given the expression "in part" is that the decree meant to say that among the devises and bequests included in the will which it established is a devise of certain realty in Mississippi to Mrs. Millsaps' sister. Any other construction of this expression seems illogical, when the decree as a whole is considered. In any event, this expression being so utterly inconsistent with every thing else in the decree, and its meaning being obscure, the Court should not allow that expression to defeat the intentions otherwise clearly reflected by the decree construed as a whole.

■ The other expression in this last paragraph, to wit, "be qualified with this decree as the will annexed" simply gets back to the question as to what is the decree. As heretofore concluded, the decree clearly intended to establish as the last will of Mrs. Millsaps the one of which Millsaps or his attorney had a carbon copy. So, to "be qualified with this decree as the will annexed" is simply to be qualified with the carbon copy will annexed.

■ Immediately following the recitation in the decree that the will which became effective upon the death of Mrs. Millsaps is the one of which her husband has an exact copy, there is the expression "it is *therefore,* ordered * * * that a copy of this decree be certified," etc. (Emphasis supplied.) This expression could have reference to nothing except that which had previously been declared in this decree. The only declaration in this decree at that time was that Mrs. Millsaps died testate, and that an exact copy of her last will allegedly destroyed or suppressed is in the possession of her husband or his attorney. Thus, it is to this will that the decree necessarily refers when it "therefore," orders, adjudges and decrees that a copy of this decree be certified, etc.

While some difficulty and dissatisfaction is encountered with any course of reasoning which may be pursued in this case because of the selection of some words obscure of meaning in the last paragraph of the Chancery decree, yet, this Court is satisfied that such decree, when considered as a whole, clearly intends to set up as the last will of Mrs. Millsaps the one of which her husband or his attorney is in possession of an exact copy, it being particularly described in the decree.

The judgment of the Circuit Court will be set aside and this cause will be remanded to that Court with directions that it enter a judgment setting aside the judgment of the County Court, and remanding the cause to the County Court with an order that the County Court probate as the last will and testament of Mrs. Millsaps the carbon copy of the will which is in the possession of Millsaps, or his attorney, and which was produced by Millsaps or his attorney upon the hearing of Mrs. Wall's petition to probate that paperwriting as the last will of her sister, and proceed accordingly in the administration of her estate.

All costs will be paid out of the estate of Mrs. Millsaps.