**Ruby SHRUM, Plaintiff–Appellant,**

**v.**

**Roger POWELL, Charles Ray Powell, Patricia Powell Johnson, and Bonnie Powell Guffey, Defendants–Appellees.**

Court of Appeals of Tennessee,
Middle Section.

July 7, 1980.

Certiorari Denied by Supreme Court
Sept. 15, 1980.

Geary P. Dillon, Whitwell, for plaintiff–appellant.

Edwin Z. Kelly, Jr., Kelly, Leiderman, Cameron, Kelly & Graham, P. C., and Sam R. Raulston, Raulston & Swafford, Jasper, for defendants–appellees.

## OPINION

LEWIS, Judge.

Plaintiff filed her complaint in the Chancery Court for Marion County and sought to establish the alleged lost will of Charles Edward Powell. At the conclusion of an evidentiary hearing, the Chancellor held that plaintiff had "fail[ed] to carry the burden of proof" and dismissed her complaint. Plaintiff has appealed and presents two issues, which we discuss together:

I. Did defendants carry their burden of proof in tracing the executed will into the hands of the testator, so as to entitle them to a presumption of revocation upon its non–production?

II. If defendants were entitled to such a presumption, did the trial court err in ruling that said presumption was not rebutted by the evidence presented?

The pertinent facts are as follows: Sometime in 1972 plaintiff met the deceased, Charles Edward Powell, at a tavern where plaintiff was employed near Tracy City, Tennessee. Plaintiff almost immediately quit her job at the tavern and went to live with the deceased on his hundred–acre farm in Whitwell, Tennessee. Sometime after plaintiff went to live with the deceased, they constructed a small house, or shack, at the rear of the deceased's home. Plaintiff testified that she kept her clothes in the "shack." On April 29, 1976, plaintiff, her father, and the deceased went to Attorney Charles Kildgore's office in Tracy City, and at that time the deceased executed a will. Plaintiff testified that prior to the time they went to Mr. Kildgore's office, there had been no discussion of a will and that she, in fact, did not know the deceased was going to make a will. After the will was executed by the deceased, Mr. Kildgore gave the will and a copy to the deceased. The deceased then gave plaintiff one of the documents, which she put in her purse, and

the deceased kept the other one. Mr. Kildgore testified that he drafted the will, that it was properly executed, that at the time it was executed the deceased was not drinking and was of sound mind, that he gave the original of the will to the deceased along with a copy, that the deceased gave the copy to plaintiff, and that plaintiff placed the copy in her purse. Mr. Kildgore testified that the deceased, in their discussion of the will, told him he wanted plaintiff to have his property and that he did not want his children to have anything.

Plaintiff put the copy of the will, which was given to her by the deceased, into the chifforobe drawer in the "shack" where she kept all of her papers and her clothes. She testified that either on the day the will was made or the next day, while she and the deceased were sitting in his truck in front of the home of the deceased, he told her he was going to put the will into the chifforobe. He got out of the truck, went into the house, and she saw him go into the "shack." She did not see him with the will and did not know what he did with the will. Plaintiff never saw the original of the will after that date. Later in 1976 the "shack" burned. The deceased knew the "shack" had burned prior to his death on August 5, 1977. No other testimony regarding the whereabouts of the will is in the record.

Ruby Dykes testified on behalf of plaintiff that the deceased and plaintiff discussed the purchase of a restaurant owned by the Dykes family. She testified that a will was never mentioned, but Charles Edward Powell did say that he had given Ruby Shrum everything and that he wanted her to have the Dykes' restaurant. McKinley Lane, the owner of a grocery store where plaintiff and the deceased bought groceries, testified on behalf of defendants that several weeks prior to his death Charles Edward Powell told him that he did not want plaintiff to have anything that he had.

 This case comes to [us] from a trial before the [Chancellor] without the intervention of a jury, [and] there is [, therefore,] a presumption of correctness of the judgment below and that judgment will be affirmed unless there is an error of law or unless the evidence is found by this Court to preponderate against the judgment below. *Smith v. Jarnagin*, 58 Tenn.App. 668, 674, 436 S.W.2d 310, 313 (1968). The decision of the Chancellor as to the credibility of witnesses is final and not subject to review in the Appellate Court. *Early v. Street*, 192 Tenn. 463, 469, 241 S.W.2d 531, 534 (1951).

To establish a lost will it is incumbent upon the proponents to show (1) that the testator made and executed a valid will in accordance with the forms of law and the death of the testator; (2) that the will had not been revoked and is lost or destroyed or cannot be found after due and proper search; and (3) the substance and contents of the will. Vol. 1, Phillips' Pritchard Law of Wills, Sec. 50; *Morris v. Swaney*, 54 Tenn. 591 [(1872)]; *Moore et al. v. Williams et al.*, 30 Tenn.App. 479, 207 S.W.2d 590 [(1947)]; *Haven v. Wrinkle*, 29 Tenn.App. 195, 195 S.W.2d 787 [(1945)]. Not one but all of the above points must be proven by "the clearest and most stringent evidence" (*Buchanan v. Matlock*, 27 Tenn. 389 [(1847)]) or "clear, cogent and convincing proof" (*Wolfe v. Williams*, 1 Tenn.App. 441 [(1925)]).

These stringent requirements are imposed to avoid fraud. In *Haven v. Wrinkle*, supra, this Court, speaking through Judge Hale, said: "Where a will has been lost or destroyed, the person seeking to set it up labors under a severe handicap. Doubtless this is due to the fear that a more elastic rule might bring about more fraud than it would prevent." *Sanders v. McClanahan*, 59 Tenn.App. 590, 596–97, 442 S.W.2d 664, 667 (1969) (quoting *Haven v. Wrinkle*, 29 Tenn.App. at 211, 195 S.W.2d at 793).

The proof here is that Charles Edward Powell made and executed a valid will in accordance with the forms of law and that he died on August 5, 1977. The proof shows the substance and contents of the

will. The burden, however, is upon the proponent to show "that the will had not been revoked and is lost or destroyed or cannot be found after due and proper search." *Id.* at 596, 442 S.W.2d at 667. Plaintiff has failed to carry that burden.

Here, as in *Sanders v. McClanahan, supra,* no argument was made or proof given that the decedent ever became mentally incapacitated so as to be unable to revoke the will and no showing has been made that he had no opportunity to revoke it. *Id.* at 599, 442 S.W.2d at 668. The presumption is that if a will is traced into the hands of the testator and not found after his death, the testator canceled it. *Allen v. Jeter,* 74 Tenn. 672, 676 (1881) (citation omitted), *quoted in Hickey v. Beeler,* 180 Tenn. 31, 38, 171 S.W.2d 277, 279 (1942). "The burden of rebutting this presumption is on the person seeking to establish a will." *Sanders v. McClanahan,* 59 Tenn.App. at 598, 442 S.W.2d at 668 (citing *Haven v. Wrinkle,* 29 Tenn.App. at 212–14, 195 S.W.2d at 794–95; 95 C.J.S. *Wills* 385c (1957)). We agree with the Chancellor that the plaintiff has failed to carry the burden of proof and that her complaint should have been dismissed. There is no evidence to show that the will was lost or fraudulently or accidentally destroyed against and not in accord with the deceased's wishes and intentions. The presumption that the deceased canceled the will must, therefore, stand.

Plaintiff contends that because the deceased told her that he was going to put the will into the chifforobe in the "shack" and that the "shack" later burned, the will was in the chifforobe and was accidentally destroyed. No proof that the deceased put the will into the chifforobe is in this record. Plaintiff testified that she kept all of her clothes in the "shack" and, further, that she did not see the will after the date the deceased said he was going to put the will into the chifforobe. Since plaintiff kept her clothes in the chifforobe in the "shack," that she would not have seen the will had it been there is highly improbable since she had to go in and out of the "shack" and to open the chifforobe to get her clothes. She had ample opportunity to have seen the will there for some time prior to the burning of the "shack." The deceased was aware that the "shack" had burned prior to his death and no showing was made that he made any effort to republish his will. The testimony here is clear that the deceased had the will in his hands on the date it was executed. No testimony that anyone saw him with it after that date or the next day is in the record. Plaintiff has failed to overcome the presumption that the deceased canceled the will.

The judgment of the Chancellor is affirmed with costs incident to this appeal taxed to plaintiff. The cause is remanded for the collection of costs and any further necessary orders.

SHRIVER, P. J., and TODD, J., concur.