**In re ESTATE OF Arch Henry WEST, Deceased.**

**Terry Wayne KING, Petitioner-Appellant,**

v.

**Mildred West OVERHOUSE, Administratrix, Respondent-Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 11, 1987.

Permission to Appeal Denied by Supreme Court May 11, 1987.

Rondal T. Wilson, Shelbyville, for petitioner-appellant.

Andrew C. Rambo, Bomar, Shofner, Irion & Rambo, Shelbyville, for respondent-appellee.

## OPINION

CANTRELL, Judge.

In a contest over the estate of Arch Henry West, the issue stated in the appellant's brief is whether the chancery court of Bedford County should have certified a will contest to the circuit court despite a finding that the appellant had no standing to contest the will. The appellant lacks standing because he failed to establish a lost will which made him a beneficiary of the estate. The point actually raised by these proceedings, however, is whether the appellant was required to prove in chancery court that a former will was not revoked when that finding required the same proof of a lack of testamentary capacity that would be involved in a contest of the latter will in the circuit court.

These proceedings all took place in the chancery court, the court having probate jurisdiction in Bedford County. On December 8, 1981, Arch Henry West executed a will providing that, in the event the testator's wife predeceased him, the entire estate would go to the appellant, a nephew of the testator's wife. Mrs. West died on February 1, 1984. On February 24, 1984, Mr. West executed a new will leaving his entire estate to the appellee, his niece. The same attorney drew both wills. On the date of the execution of the latter will, Mr. West asked the attorney what he should do with the former will. The attorney advised Mr. West to destroy it.

Mr. West died on June 1, 1984 and his latter will was admitted to probate on June 14, 1984. The former will could not be found.

On December 14, 1984, the appellant filed a petition to contest the latter will on the grounds of incompetency and undue influence. The appellee moved to dismiss the petition because it failed to show any right on the part of the appellant to contest the will. On March 25, 1985, the appellant amended the petition to show the fact of the former will and to pray that the appellant be permitted to offer the former will for probate. He also requested that the question of the validity of both wills be certified to the circuit court. An unsigned copy of the former will was attached to the amended petition.

The chancellor denied the motion to dismiss the will contest and allowed the appellant to file a petition to establish the lost will. The chancellor heard proof on the petition and held that the appellant had failed to overcome the presumption that the former will had been destroyed by the testator. Without the former will giving him an interest in the estate, the appellant did not have standing to contest the latter will. The chancellor therefore dismissed the will contest.

Citing *Lillard v. Tolliver*, 154 Tenn. 304, 285 S.W. 576 (1926), the appellant asserts that the chancellor should have certified both wills to the circuit court for trial on the issue of *devisavit vel non*. However, we think it is well settled in this state that before the appellant may go forward with a will contest he must show that he would take a share of the decedent's

estate if the probated will were set aside. *Donnelly v. Hendrix,* 49 Tenn.App. 361, 355 S.W.2d 116 (1960). He may satisfy that requirement by showing that he would take under a prior will. *Warmath v. Smith,* 198 Tenn. 257, 279 S.W.2d 257 (1955). Where the prior will cannot be found, the exclusive jurisdiction to show that it has been lost, destroyed or suppressed lies in the chancery court. *Id.*

The appellant insists that he is only required to *commence* the action in the chancery court—not to prove all the elements required to establish the lost will. He relies on the following from *Warmath v. Smith:*

> In our opinion, a person who would not take any part of the estate of a decedent in case of intestacy, will not be permitted to contest a will upon the allegation that he was a beneficiary in a prior will which has been lost or destroyed, without at least commencing a suit in the Chancery Court to set up such lost or destroyed instrument. 279 S.W.2d at 258.

However, we think the rule is that the lost will must first be established in chancery before a legatee under that will has standing to contest a later probated will. Then both wills may be certified to the circuit court for determination of which is the will of the deceased.

In order to establish a lost will the proponent of that will must show (1) the fact that the will was executed in accordance with the forms of law, (2) the substance or contents of the will, and (3) that the will has not been revoked, and that it is lost or destroyed or cannot be found after a due and proper search. *Morris v. Swaney,* 54 Tenn. 591 (1872); *Sanders v. McClanahan,* 59 Tenn.App. 590, 442 S.W.2d 664 (1969). However, the fact that a will cannot be found after a due and proper search raises a presumption that the testator himself destroyed the will. *Haven v. Wrinkle,* 29 Tenn.App. 195, 195 S.W.2d 787 (1945); *Shrum v. Powell,* 604 S.W.2d 869 (Tenn.App.1980). Therefore, to overcome the presumption the one seeking to establish a lost will must prove that the testator did not have custody and control of the will after execution, or that he had lost his testamentary capacity for a period before his death and that the will was in existence at the time the loss of competency occurred. *Haven v. Wrinkle,* 29 Tenn. App. at 212, 195 S.W.2d 787.

In this case the chancellor held that the appellant failed to overcome the presumption that the testator had destroyed the prior will. After an examination of the record we concur in the chancellor's determination. There is no proof that the testator did not have custody or control of the prior will and there is no proof that the testator lacked the testamentary capacity to revoke the will. *Gregory v. Susong,* 185 Tenn. 232, 205 S.W.2d 6 (1947).

Coincidentally, testamentary capacity is also the question to be decided on the will contest. As we understand the appellant's position, although it was never directly stated in the pleadings below and is argued on appeal only tangentially, it is that the testator lacked the testamentary capacity to make a will on February 24, 1984. Then it must follow that the testator did not have the testamentary capacity to revoke the prior will and the presumption that the testator destroyed the prior will would be overcome by that proof. Therefore, the appellant contends, the chancellor should have certified both wills to the circuit court for a trial of that issue.

We are satisfied, however, that the appellant must first establish the lost will in order to have standing to contest the latter will. The chancery court is the court having exclusive jurisdiction to establish the lost will. *Warmath v. Smith,* 198 Tenn. 257, 279 S.W.2d 257 (1955). If the appellant is required to show in chancery the same proof that he would also rely on to impeach the latter will in the circuit court, he should simply attribute that to the separate roles the law has assigned to the two courts. Having failed to establish the lost will in the chancery court, the appellant had no standing to contest the latter will in the circuit court.

The judgment of the court below is affirmed and the cause is remanded to the

Chancery Court of Bedford County for any further proceedings necessary. Tax the costs on appeal to the appellant.

LEWIS and KOCH, JJ., concur.