ESTATE OF JOHN B. FERGUSON, JR., )
Deceased                          )
                                  )    **Davidson Probate**
JOHN and PATRICIA SYLAWA,         )    **No. 94P-736**
                                  )
    Contestants/Appellees,        )
                                  )
VS.                               )
                                  )
FIRST AMERICAN TRUST CO., N.A.,   )    Appeal No.
Executor,                         )    01A01-9707-PB-00313
                                  )
    Proponent/Appellant.          )

**FILED**

April 8, 1998

**Cecil W. Crowson**
**Appellate Court Clerk**

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE PROBATE COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE FRANK G. CLEMENT, JR., JUDGE

Fred W. Beesley, Jr., BPR #9892
Malcolm L. McCune, BPR #2660
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201
ATTORNEYS FOR CONTESTANTS/APPELLEES


William L. Harbison, BPR #7012
Andree S. Blumstein, BPR #9357
424 Church Street
Nashville, TN 37219
ATTORNEYS FOR PROPONENT/APPELLANT

### REVERSED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

ESTATE OF JOHN B. FERGUSON, JR., )
Deceased )
                                                    )        **Davidson Probate**
**JOHN and PATRICIA SYLAWA,**       )        **No. 94P-736**
                                                    )
         **Contestants/Appellees,**          )
                                                    )
**VS.**                                                )
                                                    )
**FIRST AMERICAN TRUST CO., N.A.,**  )        **Appeal No.**
**Executor,**                                        )        **01A01-9707-PB-00313**
                                                    )
         **Proponent/Appellant.**            )

# O P I N I O N

This is a will contest case involving a succession of wills, disputes as to the testamentary capacity of the testator at the time of the making of each of the wills, and the standing of the contestants. At the present stage of the proceedings, the contestants are in the position of plaintiffs, because they initiated the contest.

On May 11, 1994, a will made by deceased on May 2, 1991, and a codicil made by him on May 8, 1991, were probated in the Probate Court in common form.

On November 17, 1994, John and Patricia Sylawa filed in the same probate proceeding a document entitled:

> **Petition to Contest Will**
> **of John B. Ferguson, Jr.,**
> **To seek return of assets from trusts and other entities,**
> **and, to hear concurrently with both, separately-filed**
> **related claim against the estate of Mabel H. Ferguson**

Allegations of the petition material to this appeal were, in substance:

7.      Deceased lacked testamentary capacity on May 2, and 8, 1991, when he executed the above mentioned will and codicil.

8. On July 22, 1986, when he possessed testamentary capacity, deceased executed a will which is his true last will and testament and which provided a limited annual income to the Sylawas for life.

A copy, but not the original, of the July 22, 1986, will was exhibited to the petition.

On the same date, November 23, 1994, the Sylawas' filed a "complaint" virtually identical to their "Petition," except that they prayed that they be allowed to contest the May 2, 1991, will, and, in addition, alleged an additional will dated August 14, 1991.

Attached to the complaint was an affidavit of Robert Lee Perry, Jr., attorney, that he prepared and saw the due execution of an August 14, 1986 will of John B. Ferguson which gave the entire residue of his estate to the Sylawas if his wife predeceased him. (The wife did predecease the testator.)

It appears that the Sylawas did not attempt to establish the July 22, 1986, will, but that they devoted all of their efforts and proof to the August 14, 1986, will.

On December 12, 1994, the executor/proponent moved to dismiss the petition and complaint of the Sylawas for lack of standing or, in the alternative that the contest be certified to the circuit court for trial before a jury.

On January 20, 1995, the Sylawas filed an amended complaint requesting that the "lost will" of August 14, 1986, be probated based upon a copy and affidavits.

Counsel for the parties filed a stipulation reading as follows:

> The Court has ordered that a hearing be held on December 17, 1996, for the purpose of determining whether the plaintiffs, John and Patricia Sylawa, have standing to maintain the will contest that they seek to bring in this matter.

For purposes of the standing hearing to be held on December 17, 1996, and only for purposes of that hearing and not for any other purpose, the parties have agreed, as evidenced by the signatures of their respective counsel, that certain facts may be assumed by the Court in making its determination on the issue of standing. The facts to which the parties stipulate for purposes of the standing hearing are as follows:

1.      On August 14, 1986, John B. Ferguson, Jr., properly executed a will drafted by Robert Perry. An unexecuted copy of that August 14, 1996, will is attached hereby as Exhibit A.

2.      On August 14, 1986, John B. Ferguson, Jr., was mentally competent to make a will.

3.      The unexecuted copy of Mr. Ferguson's August 14, 1986, will in Exhibit A represents accurately the contents of that will as executed by Mr. Ferguson

4.      John B. Ferguson, Jr., made and executed the August 14, 1986, will in accordance with the forms and requirements of law.

5.      The original of the will executed by Mr. Ferguson on August 14, 1986, cannot be found even after due and proper search.

6.      From and after October 1990, John B. Ferguson lacked the mental capacity legally necessary to revoke a will.

7.      John B. Ferguson, Jr., died on April 21, 1994. The will and codicil that Mr. Ferguson executed, respectively, on May 2, and May 8, 1991, have been probated in this Court.

        The parties further acknowledge and agree that the issue of standing is, under Tennessee law, a separate matter from the will contest itself and that a judgment on the issue of standing is appealable as of right. Each party understands and agrees that the other party will appeal any adverse ruling on the standing issue and that neither party will claim on appeal that the other party has waived the right to raise an argument on appeal simply because that party may have agreed to a certain procedure for the purpose of facilitating the hearing. In contemplation of appeal, the parties also agree that, with the permission of the Court, the presently scheduled trial date of February 10, 1997, should be postponed pending the completion of the appeals process on the standing issue.

On December 13, 1996, the Probate Judge entered the following order:

### ORDER OF PARTIAL SUMMARY JUDGMENT

        Plaintiffs have moved the Court for an Order of Partial Summary Judgment establishing for the purpose of this litigation that John B. Ferguson, Jr. has testamentary capacity

at all times up to and including August 14, 1986. This Motion was not opposed. After examination of Plaintiff's Memorandum and Exhibits and the record as a whole, the Court finds the Motion is well-taken, therefore,

IT IS ORDERED ADJUDGED AND DECREED for the purpose of this litigation that John B. Ferguson, Jr. had testamentary capacity at all times up to and including August 14, 1986.

On February 24, 1997, the Probate Judge entered the following order:

### AGREED ORDER AMENDING THE ORDER OF 12/23/96

This matter came to be heard on the 17th day of January, 1997, before the Honorable Frank G. Clement, Probate Judge, upon the motion of First American Trust Company to alter or amend the order entered December 23, 1996, on the issue of standing. It appearing that there is no opposition to the motion and that proper notice has been given to all parties, this Court is of the opinion that the motion is well taken and should be granted.

It is accordingly ORDERED that the motion of First American Trust Company to alter or amend the order entered December 23, 1996, on the issue of standing is hereby granted and that this Court's Order of December 23, 1996, is amended to read in its entirety as follows:

On motion by the Defendant for this Court to hear evidence and determine whether Plaintiffs possess standing to bring a will contest, this matter came on to be heard on Tuesday, December 17, 1996. Upon the Court's consideration of the parties' Memoranda of Law, the Stipulations filed by the parties, the testimony of witnesses, the Plaintiffs' designated portions of certain depositions of witnesses, the argument of counsel and the record as a whole, this Court finds that Plaintiffs have standing to bring a will contest and, therefore,

It is ORDERED, ADJUDGED, and DECREED that Plaintiffs have established their standing and may proceed with their will contest. This order is final and appealable as of right. Pritchard on Wills, 5th ed., §354. Trial of the will contest is presently set for February 10, 1997. Since the parties agreed in their stipulations, filed on December 12, 1996, that the issue of standing is, under Tennessee law, a separate matter from the will contest itself and that a judgment on the issue of standing is appealable as of right and that the non-prevailing party will appeal from this Court's order on the standing controversy, it is further ORDERED that the trial of the will contest presently set to begin on February 10, 1997, is postponed pending the completion of the appeals process on the standing controversy.

Moreover, the Court expressly finds and determines that it is appropriate to direct the entry of a final judgment as to the standing issue because, for the reasons set forth below, there is no just reason for delay. Accordingly, it is further ORDERED, ADJUDGED, and DECREED that, there being no just reason for delay, this Court's order that the Plaintiffs have established standing to maintain a will contest is final, and the Court hereby directs the entry of a final judgment on that issue.

From the quoted order, the executor has prosecuted this appeal.

The Chancery Court has exclusive jurisdiction to set up a will which has been lost, destroyed or suppressed. *Wall v. Millsaps*, 199 Tenn. 241, 286 S.W.2d 343 (1956). *Warmath v. Smith*, 198 Tenn. 257, 279 S.W.2d 257.

The Probate Court of Davidson County, Tennessee has all the powers of a chancery court in respect to wills and estates. Chapter 366, Sec. 2 Private Acts of 1974.

Will contests filed in Probate Court are tried in Circuit Court as provided by TCA § 32-4-101. However, its chancery powers include jurisdiction to establish lost wills.

Before a contest can be certified to the circuit court, the Probate Court must find that the contestant has standing to pursue the contest. That is the contestant(s) must show that he or they would take a share (or larger share) of decedent's estate if the contest is successful; but if standing rests upon a prior will which is lost, the prior will must be established in chancery court before a legatee under the prior will has standing to contest the later will. It would not be proper to certify both wills to circuit court before establishment of the

lost will in chancery. In Re Estate of West, Tenn. App. 1987, 729 S.W.2d 676.

In order to establish a lost will in chancery, the following facts must be established by clear and convincing evidence:

(1)     The instrument was duly executed. (This was stipulated.)

(2)     The instrument cannot be found. (This was stipulated.)

(3)     The substance of the instrument. (This was stipulated.)

(4)     The beneficiaries of the will. (This was stipulated.)

(5)     The will has not been revoked. (This has not been shown by clear and convincing evidence.)

*Shrum v. Powell*, Tenn. App. 1980, 604 S.W.2d 869, and authorities cited therein. These requirements are stringent. *Haven v. Wrinkle*, 29 Tenn. App. 1995, 1995 S.W.2d 787 (1945).

Absent evidence of possession of the will by someone other than the testator, it must be presumed that it was in his possession until its disappearance.

If a will is traced into the hands of the testator and cannot be found after his death, there is a presumption that the testator destroyed the will, thereby revoking it. *Hickey v. Beeler*, 180 Tenn. 31, 171 S.W.2d 277 (1942); *Allen v. Jeter*, 74 Tenn. (6 Lea) 1881). The burden of rebutting this presumption is upon the person seeking to establish the will. *Sanders v. McClanahan*, 59 Tenn. App. 590, 442 S.W. 668 (1969).

The stipulated fact that the will cannot be found placed the burden squarely upon the contestants/appellees to prove by "stringent, clear and

convincing evidence" that the will which they seek to establish was not revoked by destruction by the testator.

The contestants have not satisfied the requirement of proving by "stringent, clear and convincing evidence" that Mr. Ferguson did not revoke the August 14, 1986, will upon which the contestants rely for standing and which they sought to establish in equity.

The Probate Court heard the evidence without a jury and entered a final judgment that the contestants have standing. This Court respectfully disagrees for the reason above stated, that the contestants failed to offer "stringent, clear and convincing evidence" that the lost will upon which they rely for standing was <u>not</u> revoked by the testator.

The judgment of the Probate Court is reversed and vacated and the petitioners' petition to contest is dismissed. Costs of this appeal, and of the proceedings upon the petition in Probate Court are taxed against the contestants. The cause is remanded to the Probate Court for entry of the judgment of this Court and for further appropriate proceedings.

**REVERSED AND REMANDED**.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE