IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 15, 2025 Session

## MICHAEL C. MURPHY v. MELISSA ANN BLALOCK

**Appeal from the Chancery Court for Hamblen County**
**No. 2021-CV-430           Douglas T. Jenkins, Chancellor**
_____

**No. E2024-00050-COA-R3-CV**
_____

This appeal concerns the trial court's dismissal of a will contest for failure to prosecute. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Michael C. Murphy, Morristown, Tennessee, pro se appellant.

P. Kelley Hinsley, Morristown, Tennessee, and Jerry W. Laughlin, Greeneville, Tennessee, for the appellee, Melissa Ann Blalock.

## MEMORANDUM OPINION[1]

Gloria Kay-Wallace ("Decedent") passed away on August 17, 2019. Decedent's stepdaughter, Melissa Ann Blalock ("Executor"), submitted Decedent's will, dated January 14, 2015, for probate in the Hamblen County Chancery Court on August 26, 2019.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On August 25, 2021, Michael C. Murphy ("Plaintiff"), Decedent's stepson and an attorney appearing pro se, filed an unverified complaint in which he contested the validity of the 2015 will, asserting that Decedent was unduly influenced to replace a prior will, dated February 6, 1981, which named him as a beneficiary. He did not attach a copy of the purported will to the pleadings. Plaintiff requested service of process upon Executor. The Clerk and Master issued a summons on August 25, 2021. Plaintiff sent the summons by certified mail to Executor's home address on November 16. Executor refused service.

At Plaintiff's request, the Clerk and Master issued an alias summons on August 4, 2022. This summons was served upon someone at Executor's workplace. "Covid A" was written on the signature line, and the box marked "agent" was checked. However, Plaintiff did not file a copy of the return receipt with the court upon completion of service of process.

On September 20, 2023, the trial court set a status conference for October 5. Executor made a motion for a limited appearance on October 3, claiming that she had never been served with process. She moved for dismissal, asserting that the failure to secure service of process rendered the action untimely.

At the scheduled status conference, Plaintiff argued that dismissal was premature when discovery was not yet complete. He claimed that service of process was also properly effectuated by mail to Executor's last known address and then to her workplace. He filed the return receipt issued on August 4, 2022, to establish his claim.

The trial court dismissed the action, citing no forward movement in the discovery process and the failure to file proof of service of process in the two years since the filing of the initial complaint. The court noted, "If the case had been prosecuted with zeal since the beginning, the [c]ourt might see things differently. The [c]ourt believes that the case and all the parties need closure that prolonging this matter any longer would not bring."

Plaintiff filed this timely appeal in which he argues that the trial court abused its discretion in its dismissal of the action for failure to prosecute. Plaintiff asserts that the trial court had not entered a discovery order or set any other deadlines in the action prior to the dismissal. Executor responds that Plaintiff has not established a valid reason for his failure to pursue the case in the two years since the filing of the complaint. She notes that Plaintiff also failed to commence any action to establish the validity of the prior will in the time that the current action was pending. She claims that this appeal is frivolous and taken solely for delay, thereby entitling her to an award of attorney fees on appeal.

"Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court." *Hodges v. Attorney Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000). We review such decisions under an abuse of discretion

standard. *Id.* "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). The abuse of discretion standard does not allow an appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998).

We must first note that failure to file proof of service did not render the action untimely pursuant to Rule 4.03 of the Tennessee Rules of Civil Procedure. However, the record reflects that in the two years since the filing of the initial complaint, the trial court received no proof of the completion of service and no proof of the contents of the prior will from which Plaintiff based his argument that the current will was invalid. Plaintiff simply made no forward movement in furtherance of his initial complaint. Plaintiff, who would not inherit under the laws of intestate succession as Decedent's stepson,[2] had also not commenced a separate proceeding to establish the validity of the alleged prior will. *See generally Warmath v. Smith*, 279 S.W.2d 257, 259–61 (Tenn. 1955) (affirming the dismissal of a will contest when the trial court was provided with no proof of the contents of the prior will). "A will contest allows a court to make a determination, once and for all, about how a decedent's estate should be distributed. Accordingly, where the parties dispute which testamentary documents, if any, represent the decedent's last valid will and testament, the competing instruments must all be submitted for adjudication in the will contest." *In re Estate of Seeber*, No. E2022-01476-COA-R3-CV, 2023 WL 6297496, at *10 (Tenn. Ct. App. Sept. 27, 2023) (internal citations and quotations omitted).

With all of the above considerations in mind, we affirm the trial court's discretionary decision to dismiss the action for failure to prosecute. Exercising our discretion in such matters, we respectfully deny the request for attorney fees on appeal.

For the reasons stated above, we affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Michael C. Murphy.

_____
JOHN W. MCCLARTY, JUDGE

---

[2]Tennessee Code Annotated section 31-1-101(a) provides that for purposes of intestate succession, the term "[c]hild . . . excludes any person who is only a stepchild, a foster child, a grandchild or any more remote descendant."