IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 2, 2024 Session

### IN RE ESTATE OF FLOYD EDWARD FAULKNER

**Appeal from the Chancery Court for Giles County**
**No. P-1964-21          Christopher V. Sockwell, Chancellor**
_____

**No. M2023-01055-COA-R3-CV**
_____

After the decedent's most recent will was admitted to probate, the decedent's grandson moved to certify standing for a will contest. The grandson claimed standing as a beneficiary of a prior will. After a couple of hearings, he came forward with signed copies of several prior wills that named him as a beneficiary. The trial court ruled the grandson lacked standing because he failed to produce an original instrument or establish a lost will. We conclude that the copies of the prior wills, standing alone, were insufficient to establish standing. So we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JEFFREY USMAN, J., joined.

Radford H. Dimmick, Nashville, Tennessee, for the appellant, Jeremy Darrell Faulkner.

Randy Hillhouse, Lawrenceburg, Tennessee, for the appellees, Brenda Sue England and the Estate of Floyd Edward Faulkner.[1]

**OPINION**

**I.**

Floyd Edward Faulkner died in June 2020. His daughter, Brenda Sue England, petitioned to probate an original last will and testament signed by the decedent on April 29, 2020. *See* Tenn. Code Ann. § 32-2-101 (2021). On that same day, the Clerk & Master entered an order admitting the 2020 will to probate and appointing Ms. England to serve

_____

[1] No brief was filed by appellees Beverly Jean Faulkner and Vicki Celeste Thomas.

as executor of the estate. *See id.* §§ 16-16-201(b) (2021), 32-2-110 (2021). In the 2020 will, the decedent bequeathed "$100.00 to [his] son, Darrell Edward Faulkner," and the "rest and residual of [his] estate" to his "three daughters, Brenda Sue England, Beverly Jean Faulkner, and Vicki Celeste Thomas, in equal shares."

Over a year later, Jeremy Faulkner, the decedent's grandson, moved to certify standing for a will contest. *See id.* § 32-4-101(a) (2021). He claimed standing as "a beneficiary of a prior will."[2] Yet he provided no further information. The executor protested that the grandson's motion was deficient. Mr. Faulkner then produced the first page of a will in which the decedent purportedly devised his real and personal property to his grandson. In an amended motion, Mr. Faulkner asserted that the original of this will was "under the custody and control of Brenda Sue [England], who failed to disclose its existence upon the filing of probate."

After an initial hearing, the court granted Mr. Faulkner a month to "file any additional information with the Court." Mr. Faulkner submitted copies of text messages he received from Ms. England to demonstrate that the decedent had executed a prior will naming him as a beneficiary on or about November 7, 2019, and that the original will "is or was" in Ms. England's possession.

At Mr. Faulkner's request, the court held a second hearing on his motion to certify standing. The grandson maintained that he had standing based on the partial copy of the prior will. The court reserved ruling on the motion and invited the parties to submit additional briefing.

In his post-hearing brief, Mr. Faulkner claimed that he had standing as the beneficiary under multiple prior wills in addition to the partial one. He attached a copy of a verified complaint filed by the executor and her sister in a previous action alleging that the decedent died "with more than one alleged Last Will and Testament." The exhibits to the complaint included signed copies of four successive wills the decedent made before his death. In addition to the April 2020 will, the exhibits included wills dated July 31, 2015; February 16, 2018; and July 11, 2019.[3] Mr. Faulkner was a named beneficiary in the 2015, 2018, and 2019 wills.

The executor argued that Mr. Faulkner's proof still fell short. In her view, establishing standing required production of an original will that could be probated if the

---

[2] The parties agree that Jeremy Faulkner would not inherit from the decedent's estate under the rules of intestate succession because his father, Darrell Edward Faulkner, is still living.

[3] Among other things, the sisters sought a judicial determination of which instrument, if any, was valid. According to Mr. Faulkner, his aunts voluntarily dismissed the previous action without obtaining the requested relief.

2020 will did not exist or was set aside. The executor understood that "the decedent revoked all of his prior wills and destroyed same."

The court ruled that Mr. Faulkner did not have standing to contest the April 2020 will. It was undisputed that the grandson would not inherit under the rules of intestacy. Thus, his standing depended on the existence of a prior will naming him as a beneficiary. The grandson never produced an original testamentary instrument, leading to the possibility that the earlier wills had been lost. So, citing a decision of this Court, the court reasoned that Mr. Faulkner had to establish a lost will before he would have standing to contest the 2020 will. *See In re Est. of West*, 729 S.W.2d 676, 678 (Tenn. Ct. App. 1987) (adopting the rule "that the lost will must first be established in chancery before a legatee under that will has standing to contest a later probated will"). Because Mr. Faulkner failed to do so, the court denied his motion to certify standing.

**II.**

Mr. Faulkner contends that the trial court erred in denying his motion to certify standing for a will contest. This presents "a threshold question of law separate and apart from the merits of the will contest itself." *In re Est. of Brock*, 536 S.W.3d 409, 413 (Tenn. 2017); Tenn. Code Ann. § 32-4-101(a). We review the trial court's decision de novo with no presumption of correctness. *In re Est. of Brock*, 536 S.W.3d at 413.

The standing doctrine "ensures that a particular litigant has a sufficiently personal stake in litigation to warrant an adjudication." *Id.* The focus of the inquiry is "on the party bringing the lawsuit rather than on the merits of the [underlying] claim." *Metro. Gov't of Nashville & Davidson Cnty. v. Tenn. Dep't of Educ.*, 645 S.W.3d 141, 148 (Tenn. 2022). Still, a party's standing "often turns on the nature and source of the claim asserted." *Id.* at 149 (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). To establish standing to bring a will contest, the movant "must show that he or she would be entitled to share in the decedent's estate if the will were set aside or if no will existed." *In re Est. of Brock*, 536 S.W.3d at 414. Where, as here, a contestant would not take by intestate succession, he "may satisfy that requirement by showing that he would take under a prior will." *In re Est. of West*, 729 S.W.2d at 678 (citing *Warmath v. Smith*, 279 S.W.2d 257 (Tenn. 1955)).

Mr. Faulkner relies solely on the copies of prior wills he presented in the trial court. All the prior wills named him as a beneficiary, but he only presented full copies of some of them. Even then, he did not produce an original will or demonstrate that an original was available. He now claims that the originals of these wills were "demonstrably" in the possession of the executor "at one time" because she attached copies of them to her complaint in a previous action. But the record does not show that the original instruments are or were in the executor's control. At best, this record reflects that the executor found copies of the prior wills after the testator's death.

As the trial court recognized, when a contestant asserts standing under a prior will "which has been lost or destroyed" or simply "cannot be found," the contestant must establish a lost will. *See Warmath*, 279 S.W.2d at 258; *In re Est. of West*, 729 S.W.2d at 678. To prove a lost will, "the proponent of that will must show (1) the fact that the will was executed in accordance with the forms of law, (2) the substance or contents of the will, and (3) that the will has not been revoked, and that it is lost or destroyed or cannot be found after a due and proper search." *In re Est. of West*, 729 S.W.2d at 678.

Of course, when the original will cannot be found after the testator dies, the strong presumption is that the testator destroyed the original document intending to revoke it. *Allen v. Jeter*, 74 Tenn. 672, 676 (1881); *In re Est. of Boote*, 265 S.W.3d 402, 415 (Tenn. Ct. App. 2007); *Shrum v. Powell*, 604 S.W.2d 869, 872 (Tenn. Ct. App. 1980). This is because physical destruction is one method of revoking a will. *See* Tenn. Code Ann. § 32-1-201(3) (2021) (providing that a testator may revoke a will by "destroy[ing the original instrument], with the intent and for the purpose of revoking it"). The presumption of revocation may be rebutted with direct or circumstantial evidence showing that the testator did not revoke the prior will, such as proof "that the testator did not have custody and control of the will after execution, or that he had lost his testamentary capacity for a period before his death and that the will was in existence at the time the loss of competency occurred." *In re Est. of West*, 729 S.W.2d at 678; *Haven v. Wrinkle*, 195 S.W.2d 787, 794 (Tenn. Ct. App. 1945); *see also In re Est. of Brown*, No. 01A01-9809-PB-00471, 1999 WL 802718, at *7 (Tenn. Ct. App. Oct. 7, 1999) (explaining that there are multiple ways to overcome the presumption of revocation).

Despite this precedent, Mr. Faulkner contends that a complete signed copy of a prior will is all that is necessary to establish standing for a will contest. He bases this contention on two cases: *In re Estate of Brock*, 536 S.W.3d 409 (Tenn. 2017), and *In re Estate of Seeber*, No. E2022-01476-COA-R3-CV, 2023 WL 6297496 (Tenn. Ct. App. Sept. 27, 2023). Yet neither case stands for that proposition. *See State v. Lancaster*, 105 S.W. 858, 861 (Tenn. 1907) (recognizing that "[d]ecisions must be construed in the light of the question with which the court is dealing, and of the facts before the court.").

The supreme court's decision in *Estate of Brock* is not on point. The sole question before the court was whether the contestants, who would "clearly" inherit under the laws of intestate succession, nevertheless lacked standing to contest the most recent will because they were also disinherited under the immediately prior will. *In re Est. of Brock*, 536 S.W.3d at 415. After reviewing the relevant precedent, the supreme court concluded that "if the validity of a will disinheriting the person bringing the will contest has already been established either by admission or judicial determination, then the person lacks standing." *Id.* at 418. This rule did not "require dismissal of Contestants' will contest for lack of standing." *Id.* So the supreme court reversed the dismissal and remanded for a determination, "once and for all," of how the estate should be distributed. *Id.* at 419.

4

Unlike Mr. Faulkner, we do not read *Estate of Brock* as authorizing the blanket use of signed copies of prior wills to establish standing. The contestants in *Estate of Brock* disputed the validity of the decedent's prior wills; they did not assert standing based on the signed copies. *Id.* at 418-19. Unlike here, the purpose of the signed copies in *Estate of Brock* was to defeat the contestants' standing.[4] *Id.* at 412. Because the contestants otherwise had standing and the parties disputed "which testamentary documents, if any, represent the decedent's last valid will and testament," the supreme court directed the probate court on remand to certify all the competing instruments for adjudication in the will contest. *Id.* at 419. The case makes no suggestion that a contestant could establish standing merely by filing signed copies of prior wills.

The other case cited by Mr. Faulkner, *Estate of Seeber*, presents more analogous circumstances. There, the contestants alleged that the testator lacked testamentary capacity and that she was unduly influenced in making her last will. *In re Est. of Seeber*, 2023 WL 6297496, at *1. Like Mr. Faulkner, none of the contestants would inherit under the laws of intestate succession, so they alleged standing based on a prior will. *Id.* at *6. They also failed to produce an original testamentary instrument, instead relying on a signed copy of the prior will. *Id.* at *2.

Still, key factual distinctions limit *Seeber*'s persuasive value here. Notably, in *Seeber*, the proponent challenged the contestants' standing via a Rule 12.02(6) motion to dismiss, which the trial court denied.[5] *Id.* at *2, *6. On appeal, this Court agreed that the pleadings contained sufficient "specific factual averments" on standing to withstand the motion to dismiss. *Id.* at *8. Because the contestants had alleged a lack of testamentary capacity and undue influence <u>and</u> produced a complete copy of a properly executed prior will, we determined that the contestants did not have to produce an original testamentary instrument or initiate lost will proceedings to withstand the motion. *Id.* at *1, *8-9; *see also* Tenn. Code Ann. § 32-1-104 (2021) (dictating the proper method of execution for a written will).

Additionally, in *Estate of Seeber*, the primary focus was on whether the contestants could overcome the presumption of revocation at the motion to dismiss stage. *In re Est. of Seeber*, 2023 WL 6297496, at *9. The Court reasoned that requiring such proof at the Rule 12.02(6) "juncture would, in essence, be requiring Contestants to prove the very merits of the will contest" in response to the motion to dismiss for lack of standing. *Id.* And "a

---

[4] Our courts generally accept facially valid copies of prior wills "for the limited purpose of evidence of lack of standing." *See, e.g.*, *Jennings v. Bridgeford*, 403 S.W.2d 289, 290 (Tenn. 1966); *Keasler v. Est. of Keasler*, 973 S.W.2d 213, 221 (Tenn. Ct. App. 1997).

[5] The court also denied the proponent's subsequent motion to alter or amend the standing decision. *In re Est. of Seeber*, 2023 WL 6297496, at *3.

litigant need not establish a likelihood of success on the merits to establish standing." *Id.* (quoting *In re Est. of Brock*, 536 S.W.3d at 419).

As *Seeber* illustrates, "the stage of the litigation at which standing is challenged" determines the mode and degree of evidence needed to establish standing. *Metro. Gov't of Nashville & Davidson Cnty.*, 645 S.W.3d at 149 (citing *Petty v. Daimler/Chrysler Corp.*, 91 S.W.3d 765, 767 (Tenn. Ct. App. 2002) and *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). At the motion to dismiss stage, the standing determination turns solely on the factual allegations in the pleadings, which the court presumes to be true. *Id.*; *Lujan*, 504 U.S. at 561; *In re Est. of Seeber*, 2023 WL 6297496, at *8. But in later stages, the court may require more specific proof. *Lujan*, 504 U.S. at 561; *In re Est. of Cook*, No. E2004-00293-COA-R3-CV, 2004 WL 3021131, at *10 (Tenn. Ct. App. Dec. 30, 2004) (reversing grant of summary judgment, in part, because contestants' proof created genuine issue of material fact on revocation issue).

Mr. Faulkner's litigation may have progressed beyond the initial pleading stage when the issue of his standing was decided. But, even if we assume this litigation was in the pleading stage, Mr. Faulkner fares no better. Unlike his counterparts in *Estate of Seeber*, Mr. Faulkner did not make any "specific factual averments" in support of standing. *See In re Est. of Seeber*, 2023 WL 6297496, at *8. He did not allege any facts suggesting that the most recent will, in which the testator expressly revoked all prior wills, was invalid. He made no assertions as to testamentary capacity or the circumstances surrounding the execution of any the wills. The court held at least two hearings on the standing issue and gave Mr. Faulkner ample time to come forward with more information. Yet Mr. Faulkner simply pointed to the existence of copies of prior wills.

We conclude that Mr. Faulkner failed to establish standing to contest his grandfather's most recent will. Even under *Estate of Seeber*, a contestant must do more than submit signed copies of prior wills to establish standing for a will contest.

## III.

Because Mr. Faulkner failed to show that he was a beneficiary under a valid prior will, he lacked standing to contest the will in probate. So we affirm the denial of his motion to certify standing for a will contest.

_s/ W. Neal McBrayer_
W. NEAL MCBRAYER, JUDGE
