IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 20, 2010

**THE ESTATE OF ELLA MAE COCKRILL**

**Appeal from the Circuit Court for Davidson County**
**No. 08P801      David R. Kennedy, Judge**

**No. M2010-00663-COA-R3-CV - Filed December 2, 2010**

The son of a woman who died at the age of ninety-four filed a petition for probate in solemn form of his mother's lost will. After examining a photocopy of the alleged will and hearing proof from six witnesses, the trial court granted the petition. One of the granddaughters of the decedent appealed, and she has presented a number of arguments to suggest that the trial court erred. We have considered her arguments on appeal, but in the absence of a trial transcript or a statement of the evidence, we must assume that the trial court's decision is fully supported by the record. We accordingly affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Nancy Cockrill, Hermitage, Tennessee, Pro Se.

George Harrison Cate, Jr., Nashville, Tennessee, for the appellee, Wilson Cockrill.

**OPINION**

**I. A LOST WILL**

This case involves the lost will of Ella Mae Cockrill, who died on May 17, 1993, at the age of 94. Her husband, Richard Cockrill, predeceased her, as did three of her five children. Her two surviving children were Cora McClain and Wilson Cockrill. Ms. Cockrill was also survived by fourteen grandchildren and a number of great-grandchildren. The parties do not dispute that Ella Mae Cockrill was in full possession of her faculties in the last years of her life, and her competence at the time she drafted the alleged will is not at issue.

At the time of Ms. Cockrill's death, her daughter Cora was residing with her in her home at 612 Tulip Grove Road, Hermitage, Tennessee. Her son Wilson was living in another house on the same property, with the address of 614 Tulip Grove Road.[1] That tract of real property with the two houses on it was the only significant asset of Ms. Cockrill's estate.

This case was resolved through a full evidentiary hearing, but no transcript of that hearing was prepared. The account of the facts set out herein, therefore, comes from the trial court's final order and filings in the technical record. from the pleadings of the parties, and from affidavits and depositions in the appellate record.

On September 26, 2007, the grandchildren of Ms. Cockrill recorded an Heirship Affidavit with the Office of the Davidson County Register. The affidavit stated that no will had been admitted to probate, and it identified by name and address the heirs who would inherit by intestacy. On April 21, 2008, Nancy Cockrill, a granddaughter of Ella Mae Cockrill, began her own action in regard to the estate of her grandmother by filing a hand-written petition in the Chancery Court of Davidson County, requesting the court to order her grandmother's heirs to sell the property at 612 Tulip Grove Road or to buy her share from her.[2]

On May 15, 2008, Wilson Cockrill filed a Petition in the Probate Division of the Circuit Court of Davidson County for Probate of Lost Will Without Administration. He filed with his petition a will copy that his daughter, Ora Starks, had retrieved from the Metropolitan Trustee.

On June 16, 2008, nine of the grandchildren of Ms. Cockrill (not including Nancy Cockrill) responded to Wilson Cockrill's petition by filing a petition of their own in which they contended that the document submitted by Wilson Cockrill "does not meet the statutory requirements to be probated as the last Will and Testament of Ella Mae Cockrill." They accordingly argued that Ms. Cockrill had died intestate and they asked the court to issue letters of administration for the estate and to name two of their number as co-administrators so they could partition the real property and list it for sale.

---

[1]Since many of the interested parties in this case share the Cockrill surname, we will refer to them by their full names or their first names only in order to avoid confusion. Any references we make to "Ms. Cockrill" should be understood as referring to the late Ella Mae Cockrill.

[2]Nancy Cockrill's initial petition for partition and most of her subsequent pleadings were filed in the Chancery Court. On June 9, 2009, her case was transferred to the Circuit Court and consolidated with the pending action for probate of the lost will of Ella Mae Cockrill.

The filings indicate that Ms. Cockrill had executed a will in 1992. After the death of Ms. Cockrill in 1993, her daughter, Cora McClain, went to the offices of the Davidson County Trustee to have the title changed on the Tulip Grove Road property before property taxes became due. Ms. Starks, who accompanied Ms. McClain, testified by affidavit and/or deposition that Cora McClain carried the original will of Ella Mae Cockrill in her purse, and that she showed the will to a clerk in the trustee's office. The clerk sent her to the Office of the Tax Assessor, where the will was copied and filed. The original will was returned to Ms. McClain.[3]

The clerk in the tax assessor's office also advised Ms. McClain to take the will to a lawyer and have it probated. Ms. Starks testified that the following day she brought Ms. McClain to the office of attorney Joseph L. Lackey Jr., who had previously represented Wilson Cockrill in an unrelated matter. Ms. McClain died on August 27, 1999, leaving no children of her own.

According to Ms. Starks, after the initiation of these proceedings, she searched diligently for the original will, but was unable to find it. She then went to the office of the Metropolitan Trustee, and obtained a photocopy of the copied will, which had been kept in the Metro files. That is the copy of the will at issue in the petition to probate.

Mr. Lackey testified by affidavit that Ora Starks came to his office on or about May 6, 2006, bringing with her a five page typed document titled Last Will and Testament, which was dated September 17, 1992. He stated that he refreshed his memory from notes he had taken at the time, and those notes were attached to his affidavit. Mr. Lackey testified that in reading the will, he noticed that it left the entire estate of Ms. Cockrill in equal shares to her two surviving children, Cora McClain and Wilson Cockrill. He further testified that the will bore the signatures of Ella Cockrill and of two attesting witnesses.

Mr. Lackey stated that "[t]his was an original document, not a copy; the signature of the Testatrix, the attesting witnesses and the notary were quite plain, and the two affidavits bore the embossed seal of the notary." He declared that the will was properly executed by Ms. Cockrill and by the two attesting witnesses, and that the affidavits of the attesting witnesses were likewise properly executed and notarized. He further testified that he advised

---

[3]The will in question bequeaths all of Ella Mae Cockrell's property to her "beloved children," Cora McClain and Wilson Cockrill. The record includes property tax statements showing that from 1995 to 2001 the taxes on the Tulip Grove Road property were assessed in the names of Wilson Cockrill and Cora McClain as owners. In 2002, the property assessment was changed, and from then on it was assessed solely against Wilson Cockrill as owner.

Ms. Starks of the cost of probating the will, including his fee, and that thereafter she left, taking the will with her, and stating that she would have to raise the money. Mr. Lackey did not make a copy for his own files of the document that was shown to him.

The hearing on the competing petitions was conducted on March 4, 2010. According to the court's final order, filed on April 1, 2010, the proponent of the lost will called as witnesses Mr. Lackey, the Deputy Clerk in the Office of the Metropolitan Assessor of Property, a desk clerk in the same office, and Ora Starks. The respondent heirs called Nancy Cockrill and Maxine Bradley, another granddaughter of Ms. Cockrill. After considering all the proof, the court set out detailed findings of fact and concluded that the photocopy presented to the court represented a true and accurate copy of the lost will of Ella Mae Cockrill and should be admitted to probate. Nancy Cockrill appealed.

## II. THE APPEAL

Any party wishing to establish a lost or spoliated will must demonstrate to the trial court's satisfaction that the testator made and executed a valid will in accordance with the forms of law, that the testator died, that the will was not revoked, that it is lost or destroyed or that it cannot be found after a proper search, and the substance and contents of the will. *In Re Estate of West*, 729 S.W.2d 676, 678 (Tenn. Ct. App. 1987); *Shrum v. Powell*, 604 S.W.2d 869, 971 (Tenn. Ct. App. 1980); *Sanders v. McClanahan*, 442 S.W.2d 664, 667 (Tenn. Ct. App. 1969). All of the above elements must be proven by "the clearest and most stringent evidence," or by "clear, cogent and convincing proof." *Sanders v. McClanahan,* 442 S.W.2d at 667 (citing *Buchanan v. Matlock*, 27 Tenn. 390 (1847) and *Wolfe v. Williams*, 1 Tenn. App. 441 (1925)).

The trial court in this case was persuaded by the evidence that all the elements required to establish a lost will were proved by the stringent standard that applies in such cases. Nancy Cockrill argues on appeal that the trial court was mistaken, but insofar as we can understand the arguments she has presented, none of them would constitute a sufficient basis for this court to reverse the determination of the trial court, especially in light of the absence of a trial transcript in the appellate record. Nancy Cockrill claims, for instance, that Mr. Lackey's testimony was unsworn and was hearsay. Since there is no transcript of the evidence in the record, we have no way to know if he was sworn in before testifying, what the content of his testimony in the trial court was, nor what objections, if any, were made to that testimony.[4]

---

[4]Nancy Cockrill moved this court for an "In Camera Review of the Trial," and a "Motion (Oral Trial) Argument, requesting that this court "determine the facts of the case." An *in camera* proceeding is a private

(continued...)

The jurisdiction of the Court of Appeals is appellate only. Tenn. Code Ann. § 16-4-108. We may not hear the testimony of witnesses, nor do we review allegations of facts that have not been presented to the courts below. *Duncan v. Duncan*, 672 S.W.2d 765, 768 (Tenn. 1984); *Kinard v Kinard*, 986 S.W.2d 220 (Tenn. Ct. App. 1998). Rather, we review the record on appeal to determine if it reveals the existence of some sort of fundamental error that would justify reversal or modification of the final order of the court below.

Tenn. R. App. P. 24(a) provides that the record on appeal shall include certified copies of all papers filed in the trial court (with certain specified exceptions) and the original of any exhibits filed in the trial court. Tenn. R. App. P. 24(b) further provides that "[i]f a stenographic report or other contemporaneously recorded, substantially verbatim recital of the evidence or proceedings is available," it is the duty of the appellant to prepare "[a] transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal."

There was apparently no court reporter present at the trial of this case, so no transcript could be prepared. In such circumstances, however, Tenn. R. App. P. 24 (c) gives the appellant the option of preparing a statement of the evidence, "from the best available means, including the appellant's recollection." Such a statement must be filed with the trial court and served on the appellee, who then has the opportunity to file any objections to the statement as filed. Any differences between the parties regarding the statement is submitted to and settled by the trial court, whose determination is conclusive. Tenn. R. App. P. 24(e).

We have found nothing in the record to indicate that Nancy Cockrill availed herself of the opportunity afforded by Tenn. R. App. P. 24 (c) to file a statement of the evidence with the trial court or that she served any such statement on the appellees. In cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court. *Reinhardt v. Neal,* 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007); *Sherrod v. Wix*, 849 S.W.2d

[4](...continued)
proceeding, held in a place which is not open to the public, such as a judge's chambers. BLACK'S LAW DICTIONARY (5th Ed. 1979). Ms. Cockrill does not explain what exceptional circumstances exist in this case such as would justify such a proceeding. Instead, we interpret her request as asking this court to retry the case admitting evidence not in the appellate record, something beyond our jurisdiction. Additionally, under Tenn. R. App. P. 35(a), a party may request oral argument "by stating at the bottom of the cover page of the party's brief that oral argument is requested." None of the briefs submitted by Ms. Cockrill include this request on their covers. We accordingly denied both motions. When no party requests oral argument, the case is submitted for decision to the appellate court on the record and on the briefs of the parties alone. Tenn. R. App. P. 35(h).

780, 783 (Tenn. Ct. App. 1992). To put it another way, without an adequate transcript or a statement of the evidence, "this Court must presume that every fact admissible under the pleadings was found or should have been found in the appellee's favor." *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1987).

In this case, the trial court's findings of fact closely parallel the allegations of the pleadings and the affidavits and depositions found in the appellate record. Among other things, the court found that found that Ella Mae Cockrill executed a Last Will and Testament at the Bank of Mt. Juliet, leaving her entire estate in equal shares to her two surviving children, Cora McClain and Wilson Cockrill. There is no suggestion in the record that Ms. Cockrill ever attempted to revoke her will.

The court also found that after Ms. Cockrill died, Cora McClain and Ora Starks took her will to the offices of the Davidson County Trustee and the Metropolitan Tax Assessor, where it was photocopied and returned; that the will was shown to Joseph L. Lackey, Jr., who was of the opinion that it was an original document, properly executed and entitled to probate; that Cora McClain subsequently died; that Ora Starks was unable to find the original will after a diligent search; that she obtained a copy of the will from the Davidson County trustee which was submitted to the court; and that the submitted copy was a true and accurate copy of the original will. Thus, the facts which were found by the trial court, and which we are obliged to presume are correct, match all the elements required to establish a lost will.

### III.

The judgment of the trial court is affirmed. We remand this case to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Nancy Cockrill.

_____
PATRICIA J. COTTRELL, JUDGE

-6-